### STATE vs. STANLEY BRELAWSKI.

1. WITNESSES—CROSS-EXAMINATION—IMPEACHMENT OF ACCUSED—LAYING OF FOUNDATION.

The state may not impeach accused testifying as a witness, by proving a contradictory statement, unless a foundation was laid therefor.

2. INDICTMENT AND INFORMATION—MURDER IN THE FIRST DEGREE—OFFENSES INCLUDED.

Under an indictment charging murder in the first degree, the jury may render a verdict of guilty of murder in the first or second degree or of manslaughter.

3. HOMICIDE—"MURDER IN THE FIRST DEGREE".

"Murder of the first degree" exists where the killing is done with express malice aforethought, and express malice aforethought exists where the killing is done with a sedate, deliberate mind and formed design to kill.

4. HOMICIDE—"MURDER IN THE SECOND DEGREE".

"Murder of the second degree" exists where the killing is done with implied malice, and where there is no deliberate mind and formed design to take life, but where the killing is done without justification or excuse, and without provocation, or without sufficient provocation to reduce the offense to manslaughter.

5. HOMICIDE—"MANSLAUGHTER".

"Manslaughter" exists where one person unlawfully kills another without malice, as where one in a sudden affray, in the heat of blood, or in a transport of passion, without malice, inflicts a mortal wound, without time for reflection or for the passion to cool.

6. HOMICIDE—SELF-DEFENSE—BURDEN OF PROOF.

The burden of proving self-defense rests on accused.

7. HOMICIDE—SELF-DEFENSE—USE OF FORCE.

One, in repelling or resisting an assault, may use only the force necessary for the purpose, and where he uses greater force than is necessary he becomes the aggressor.

8. HOMICIDE—SELF-DEFENSE—USE OF FORCE.

Where decedent first attacked accused, and the attack was of such a character as to create in the mind of accused a reasonable belief that he was in danger of death or great bodily harm, it was the duty of accused to retreat, if he could safely do so, or to use such other reasonable means as were in his power to avoid killing decedent; and the killing was a justifiable act of self-defense only where he had no other reasonable means of escaping death or great bodily harm.

9. HOMICIDE—SELF-DEFENSE—USE OF FORCE.

Where decedent first attacked accused, but the attack was of a trifling character, and manifested no purpose to inflict serious injury, the repelling of an attack by the use of weapons likely to produce death was not an act of justifiable self-defense.

10. CRIMINAL LAW—PRESUMPTION OF INNOCENCE—"REASONABLE DOUBT".

Accused is presumed to be innocent until his guilt is proved beyond a reasonable doubt; but a "reasonable doubt" does not mean a vague, speculative, or possible doubt, but such a substantial doubt as will remain in the minds of reasonable, fair-minded men after a consideration of all the evidence.

11. CRIMINAL LAW—VERDICT—CONCLUSIVENESS.

A verdict on conflicting evidence, sustained by the evidence of the state, sufficient to establish the guilt of accused, if believed, will not be disturbed.

(*May* 15, 1912.)

PENNEWILL, C. J., and WOOLLEY and RICE, J. J., sitting.

*Josiah O. Wolcott*, Deputy Attorney General, for the state.

*Franklin Brockson* for the defendant.

At a Court of Oyer and Terminer, in and for New Castle County, held on May 15, 1912, the defendant was placed on trial upon an indictment (No. 35, May Term, 1912), charging murder of the first degree, it being alleged therein that he did, on the thirtieth day of March, 1912, unlawfully and with express malice aforethought, kill one Stanley Pietras in the City of Wilmington, by striking him with a lighted lamp and thereby setting him on fire and so burning him that he died in about one week from the shock of the said burning.

The state at the trial abandoned the charge of murder of the first degree and asked that the prisoner be convicted of manslaughter.

After the defendant had rested, the state called as a witness in rebuttal, one G., a stenographer, and proved by him that he attended the inquest held by the coroner of New Castle County, over the body of Stanley Pietras, at which the defendant was present and made a statement which the witness took down in shorthand and afterwards transcribed. A copy of the statement was produced by the Deputy Attorney General and handed to the witness. The Deputy Attorney General then offered to prove by the witness that the prisoner had made statements at the inquest which were inconsistent with his testimony given at his trial. Brockson for the defendant objected, because no ground had been laid for contradicting the prisoner. The Deputy Attorney General contended that the prisoner being a party, under the

well settled practice of the court and the rules of evidence, it was not necessary to lay any ground to contradict him.

PENNEWILL, C. J., delivering the opinion of the court:

[1]  We do not remember that this particular question has ever been presented before.  From the slight examination we have given it, we find rulings both ways upon the question in different states.  We think that where the purpose is to contradict, and the testimony is offered for that purpose only, the better practice is to call the attention of the witness to it, even though he be a party, just the same as would be done with any other witness.  This leaves the law as to independent admissions unchanged.  We are confining this to a case where it is proposed to contradict by the use of the witness's testimony, something a party has said as a witness upon the stand.

Objection sustained.

PENNEWILL, C. J., charging the jury:

Gentlemen of the jury:—The prisoner, Stanley Brelawski, is charged in this indictment with murder of the first degree.  It is alleged that he did on the thirtieth day of March, of the present year, unlawfully and with express malice aforethought kill one Stanley Pietras, in this city and county, by striking him with a lighted lamp and thereby setting him on fire, and so burning him that he died in about one week, from the shock of the extreme burning which he suffered.

It is not denied that the prisoner and the deceased were, at or about the time of the alleged crime, engaged in a fight or altercation with one another, and that the deceased had struck the prisoner once or twice on the head with another lamp which was unlighted.

The prisoner admits that he struck the deceased with a lighted lamp, but claims that he did it after the deceased had struck him with the same lamp, and claims that he was acting in necessary and lawful self-defense when he threw the lamp at the prisoner.

The state insists that the act was not committed in self-defense but without excuse or justification, and therefore unlawfully.

[2] The indictment in this case charges murder in the first degree, and under such an indictment the jury might, under the law of this state, render any one of four verdicts, viz., guilty of murder of the first degree, guilty of murder of the second degree, guilty of manslaughter, or not guilty, according as the law and evidence should warrant.

The state in this case,. however, has stated to you, and the court, that it does not ask from your hands a verdict of guilty of murder either of the first or second degree, but only of manslaughter.

Because of such statement it is unnecessary for the court to charge you at length respecting murder of the first and second degree. · But we think a brief reference to the law concerning those crimes may assist you in understanding what is meant by manslaughter.

[3] ˙ Murder of the first degree is where the killing was done with express malice aforethought; and express malice aforethought exists where the killing is done with a sedate, ˙deliberate mind and formed design to kill.

[4] Murder of the second degree is where the killing was done with implied malice, and where there was no deliberate mind and formed design to take life, but where the killing was nevertheless done without justification or excuse, and without provocation, or without sufficient provocation to reduce the offense to manslaughter.

[5] Manslaughter is where one person unlawfully kills another without malice. For example, where one in a sudden affray, in the heat of blood, or in a transport of passion, without malice, inflicts a mortal wound, without time for reflection or for the passions to cool.

[6] The burden of establishing self-defense to the satisfaction of the jury rests upon the accused.

[7] In repelling or resisting an assault, no more force may be used than is necessary for the purpose, and if the person assailed use in his defense greater force than is necessary for that purpose he becomes the aggressor.

[8] If the deceased first attacked the accused, even though

the attack was of such a character as to create in the mind of the accused a reasonable belief that he was in danger of death or great bodily harm, it was his duty to retreat, if he could safely do so, or to use such other reasonable means as were within his power to avoid killing his assailant.

No one may take the life of another, even in self-defense, unless there is no other available means of escape from death or great bodily harm.

If one is attacked and from the character of such attack, he had reasonable cause to believe, and did believe, that he was in imminent danger of death or great bodily harm, and he had no other reasonable means of avoiding or preventing death or great bodily harm, then the killing of the deceased would be a justifiable act of self-defense.

[9] If, on the other hand, the attack was of a trifling character and manifested no purpose or intention on the part of the assailant to inflict any serious injury, the repelling of such an attack by the use of a weapon likely to produce death, would not be an act of justifiable self-defense.

In ascertaining whether the accused was in any and in what danger of injury at the hands of the deceased when he struck the mortal blow, and, if in such danger, whether he took the proper precautions to avoid such danger, the jury should consider the facts and circumstances of the case as disclosed by the witnesses.

If you believe from the evidence that the burning which caused the death of Stanley Pietras was caused by his own act, and not by the prisoner, you cannot find the prisoner guilty of any crime.

[10] In conclusion we say, in every criminal case the defendant is presumed to be innocent until his guilt is proved to the satisfaction of the jury beyond a reasonable doubt. If, therefore, after carefully considering and weighing all the testimony you should entertain a reasonable doubt of the guilt of the prisoner, you should give him the benefit of such doubt, and your verdict should be not guilty.

But a reasonable doubt does not mean a vague, speculative

or possible doubt, but a substantial doubt, and such a doubt as will remain in the minds of reasonable, fair-minded and conscientious men after a careful consideration of all the evidence in the case.

Verdict, guilty of manslaughter.

Defendant's counsel thereupon filed motions in arrest of judgment and for a new trial; the grounds for which were as follows:

*First*, that the verdict was against the evidence.

*Second*, that the verdict was against the weight of the evidence.

*Third*, that the evidence was not sufficient to prove beyond a reasonable doubt that the defendant was guilty of manslaughter.

*Fourth*, that the evidence was not sufficient to convince the minds of reasonable men beyond all reasonable doubt that the defendant was guilty of manslaughter.

*Fifth*, that the verdict was against the law.

PENNEWILL, C. J., delivering the opinion of the court:

[11] While the preponderance of the testimony may have been, and probably was, in favor of the defendant, there was nevertheless some evidence produced by the state which, if true, was sufficient to establish the guilt of the prisoner. The testimony was, to some extent, conflicting upon the material and vital points, and the case was, therefore, a proper one to be determined by the jury upon the evidence. The jury have found against the defendant, and we would not be justified in disturbing their verdict no matter what our own opinion may be respecting the weight of the evidence.

The case of *State v. Dill*, 9 *Houst.* 495, 497, 18 *Atl.* 763, cited by defendant, can have no application to the question before the court, because the law declared in that case was in the charge to the jury and not upon an application to set aside the verdict of the jury.

The argument of defendant's counsel could have been very properly made to the jury, and in fact was made; but it cannot be effective with the court, being based upon disputed facts, and its

purpose being to show that the testimony produced by the defendant was more likely to be true than that produced by the state.

The motion to set aside the verdict, as well as the motion to arrest the judgment, is refused.